COOKS, J.,
Concur in Part and Dissent in Part.
Li concur with the majority ruling naming L.E.P.S. the domiciliary parent, and granting her request to relocate to Arizona. I strongly disagree with the majority decision to award joint custody to *648 L.E.P.S. and R.G.P. Custody should be awarded solely to L.E.P.S. Any visitation with this father should await a hearing after a full evaluation of the father’s fitness to visit with his children supervised or otherwise. See La. C.C. art. 136. I would remand with instruction for the trial court to order an evaluation by a qualified expert and thereafter conduct an appropriate hearing.
I have no doubt that the father’s persistent drug and alcohol abuse has not helped in his relationship with these children. To the contrary, it has set an extremely bad example for these young girls. Now, to add to that very bad example, these 15 year old girls’ forty some year old father is charged with sexual molestation of a 15 year old girl and involving that child with the use of illegal drugs as well, while joy riding with her at his camp where he spends time with his daughters. [Now, we are left to trust his mother to “supervise him” as he visits with his girls, a job she has not been able to do thus far in his life.]
The majority, based on much evidence in the record, correctly finds the father is morally unfit, and points to “overwhelming” evidence that awarding custody to the father is not in the best interest of these young girls. Yet, a few lines later the majority awards him joint custody. The majority’s award of joint custody appears nothing more than an effort, albeit well intended, to allow visitation with the grandmother, and to avoid the holding in Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). |2The visitation rights of grandparents are set forth in La. R.S. 9:344. None of the limited circumstances set forth therein which permit an award of visitation to grandparents exist in this case. The father of these children has not died, been incarcerated nor interdicted. Additionally, there is nothing in the record to suggest the mother will not allow the girls to visit their paternal grandmother as willingly done in the past.